**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Felix Dominguez Rivera</u>

    v.                                                                   Case No. 20-cv-918-JL

<u>Warden, Federal Correctional
Institution Berlin, et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

    The Warden of the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") has moved for summary judgment (Doc. No. 11) on Felix Dominguez Rivera's 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. No. 1) challenging a disciplinary decision punishing Rivera with loss of good-time credit for possessing contraband. Rivera contends that the Bureau of Prison's ("BOP") disciplinary decision violated his due process rights because prison officials presented no evidence that Rivera possessed, or was aware of, the contraband discovered in the table of his shared cell. The Warden disagrees, arguing that the disciplinary decision satisfies due process as the presence of contraband in Rivera's shared cell, by itself, constituted "some evidence" that he was in constructive possession of the prohibited items. As discussed below, this evidence was sufficient to satisfy due process. Accordingly, the district judge should grant the Warden's motion and enter judgment against Rivera's petition.

1

I.   **Undisputed Facts**

Rivera – an inmate currently serving a 168-month sentence for distribution and possession of drugs and being a felon in possession of a firearm, see Hampton Decl. (Doc. No. 11-1, ¶ 4) – challenges a disciplinary hearing officer ("DHO") decision finding Rivera guilty of possessing drugs (marijuana) and a hazardous tool (cellular phones), in violation of BOP Prohibited Codes 108 and 113, while Rivera was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").  On September 28, 2019, about two-and-one-half months after Rivera arrived at FCI Fort Dix, a correctional officer announced a search of Rivera's cell, which he shared with eleven other inmates.  See Rivera's Obj. to Mot. for Summ. J. (Doc. No. 12, at 1); Sept. 28, 2019 Incident Report (Doc. No. 11-3, at 1).  During the search, the officer found three cellular phones, one phone battery, and thirty-two "dime-sized" bags of a green leafy substance — later confirmed as marijuana — in one of the legs of the shared cell's table.  See Rivera's Obj. to Mot. for Summ. J. (Doc. No. 12, at 1); Sept. 28, 2019 Incident Report (Doc. No. 11-3, at 1).  In light of this discovery, the searching officer charged Rivera (and the rest of Rivera's cell mates) with the above-referenced offenses, "as per [the prison handbook], it is the responsibility of all inmates to keep their area clear and free of contraband."  Sept. 28, 2019 Incident Report (Doc. No. 11-3, at 1).

2

On October 10, 2019, a disciplinary officer conducted a hearing on the charges against Rivera. At that hearing, Rivera denied the charges, arguing that he was never in possession of the contraband. DHO Report (Doc. No. 11-6, at 10). The DHO assessed these denials against the counterweighing evidence, including the searching officer's incident report, photographs of the discovered contraband items, and substance-test reports confirming a chain of custody for, and the presence of marijuana among, the contraband items. Id. at 9-10. The DHO ultimately found, "based on the greater weight of facts/evidence," that Rivera (and his other cellmates) had been in "constructive possession" of the drugs and cellular phones and therefore had "committed the prohibited acts as charged." Id. at 10 (explaining that "[i]n general, a person has constructive possession if they knowingly have ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located" (emphasis in original)).

Thereafter, Rivera filed administrative appeals unsuccessfully challenging the DHO's decision and resulting sanctions, which included the loss of good-time credit and other privileges. Hampton Decl. (Doc. No. 11-1, ¶¶ 13-14) The Warden concedes that, in doing so, Rivera exhausted his administrative remedies. Warden's Mot. for Summ. J. (Doc. No. 11, at 3).

## II. **Applicable Legal Standard**

Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." Feliciano-Munoz v. Rebarber-Ocasio, 970 F.3d 53, 62 (1st Cir. 2020) (internal citation omitted). Then, "[the nonmoving party] must respond to a properly supported motion with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which [it] has the burden of proof." Id. (quoting Prado Álvarez v. R.J. Reynolds Tobacco Co., 405 F.3d 36, 39 (1st Cir. 2005)) (alteration in original). In ruling on such motions, the district court must "constru[e] the record in the light most favorable to the nonmoving party and resolv[e] all reasonable inferences in that party's favor." Pierce v. Cotuit Fire Dist., 741 F.3d 295, 301 (1st Cir. 2014). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish . . . an element essential to that party's case" or defense on which "that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion

Rivera contends that the DHO's findings against him violated his due process rights, as prison officials "failed to present evidence" that he had "power or control" over the contraband or otherwise knew the contraband was concealed in the leg of his shared cell's table. Rivera's Obj. to Mot. for Summ. J. (Doc. No. 12, at 1). In Rivera's view, his testimony, in which he denies knowing of the contraband's presence inside his shared cell's table, is the only competent evidence as to whether he knowingly exercised ownership, dominion, or control over the contraband or over the premises in which it was located. Id. This position underestimates what constitutes competent and sufficient evidence for purposes of satisfying due process.

To comport with the minimal requirements of due process, a prison DHO's decision resulting in the loss of an inmate's good-time credit must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 456; see also Chavis v. Hazlewood, No. 19-CV-488-LM, 2020 WL 1290355, at *3, 2020 U.S. Dist. LEXIS 46290, at *7 (D.N.H. Mar. 18, 2020) ("[J]udicial review in a habeas case must not amount to a reevaluation of the prison's disciplinary

5

determination, but is limited 'to ensur[ing] that federal constitutional guarantees of due process are observed in the proceedings.'" (internal citation omitted)).  The ultimate question for a reviewing court "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455.  To satisfy this inquiry, "[a]ll that is necessary is that 'the record [be] not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" Ned v. Tatum, No. 15-cv-178-LM, 2017 WL 3822736, at *6, 2017 U.S. Dist. Lexis 139885 (D.N.H. May 16, 2017) (quoting Hill, 472 U.S. at 457), R&R adopted, 2017 WL 3772656, 2017 U.S. Dis. Lexis 139426 (D.N.H. Aug. 29, 2017).  In the context of this case, all that is necessary is that the record contain some evidence – even evidence that could be considered "meager" — showing that Rivera exercised constructive possession over the discovered contraband by virtue of having ownership or control over the shared table where the contraband was located.  See id.

As noted by this Court in Chavis v. Hazlewood, federal courts that have considered this question "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good

6

time credits." 2020 WL 1290355, at *3, 2020 U.S. Dist. LEXIS 46290, at *8-9 (quoting Denny v. Schultz, 708 F.3d 140, 145 (3d Cir. 2013)) (internal quotation marks omitted); see also Flowers v. Anderson, 661 F.3d 977, 980-81 (8th Cir. 2011) (concluding, under a collective responsibility theory, that two of eight cellmates were culpable for contraband found in their shared living area "that could be accessed by standing on a locker"); Hamilton v. O'Leary, 976 F.2d 341, 345-46 (7th Cir. 1992) (finding "some evidence" sufficient to uphold loss of good time where weapons were found within a cell "under the control of [the petitioner] and his three cellmates," giving rise to a "25% chance of guilt"). This is because "each prisoner in a shared cell has an affirmative responsibility to keep the entire cell, and all other space accessible from within the cell," — all of which are "equally accessible to each prisoner housed" therein — "free of contraband." Denny, 708 F.3d at 146; see also BOP Program Statement 5270.09, App. C (advising inmates that it is their responsibility to keep their area "free of contraband").

Here, Rivera concedes there was evidence showing that: "the contraband was concealed inside the leg of the table" in his 12-man shared cell; "the 32 baggies of green leafy substance tested positive for marijuana"; and "the 3 cell phones and the battery [we]re real functioning devices." Rivera's Obj. to Mot. for Summ. J. (Doc. No. 16, at 1). Additionally, he does not dispute

7

that, under BOP Policy, he had an affirmative obligation to keep his shared cell clear and free of contraband. See id. These factors constitute "some evidence" supporting the DHO's findings, specifically that Rivera (and his cellmates) constructively possessed the contraband discovered in the shared cell, through his known "ownership, dominion, or control over . . . the premises in which the contraband was located." See DHO Report (Doc. No. 11-6, at 10).

Though Rivera denies knowing of the contraband's existence, the DHO was not bound to believe Rivera's testimony or to credit it over circumstantial inferences of knowledge reasonably drawn from the evidence presented. See, e.g., McCarthy v. Hemingway, No. 2:20-CV-12846, 2021 WL 927375, at *3, 2021 U.S. Dist. LEXIS 45697, at *8 (E.D. Mich. Mar. 11, 2021) (finding support for DHO revocation of good-time credits where a petitioner and his cellmate both denied that the petitioner knew of the contraband, as "the DHO was not bound to believe them" (internal citation omitted); DHO Report (Doc. No. 11-6, at 10) (finding that Rivera provided "inaccurate information in order to not accept ANY responsibility"). Additionally, the DHO's inference that Rivera knew of the contraband's existence, or had provided inaccurate information as to his knowledge or awareness, was not arbitrary or unreasonable, given the volume of contraband hidden, the location where it was hidden (the leg of the shared cell's

common table), and Rivera's affirmative responsibility to keep his assigned cell free of contraband.[1]  See Santonio House v. Daniels, 637 F. App'x 950, 951 (7th Cir. 2016) (echoing that "the possibility that anyone sharing" a 7-person cell "had overlooked several gallons of alcohol being accessed from a common light fixture [was] remote"); DHO Report (Doc. No. 11-6, at 10) (also finding that there was "no information" suggesting that "the phones belonged to someone other than the occupants of the cell").

Given this evidence, the DHO's conclusion that Rivera committed the prohibited acts charged did not violate the due process requirements set forth in Hill.  Accordingly, the Warden is entitled to judgment against Rivera as a matter of law.

### IV.  Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 11), enter judgment against Rivera on his § 2241 petition for habeas relief (Doc. No. 1), and close this case.  Any objections to this

---

[1] In his objection, Rivera notes that the evidentiary record before the DHO included no "pictures of the table and table leg."  Rivera's Obj. to Mot. for Summ. J. (Doc. No. 12, at 1).  He asserts that such photos would have been exculpatory.  Id.  The DHO Report does not show that Rivera raised such an argument during his disciplinary hearing.  Additionally, Rivera does not explain how photographs of the table or table leg would be exculpatory or otherwise show he did not exercise ownership, dominion, or control over the table in his shared cell.  He has thus failed to develop how the omission of such evidence prejudiced him or otherwise violated his due process rights.

Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 22, 2021

cc: Felix Dominguez Rivera, pro se
    Seth R. Aframe, Esq.